IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY CRISWELL                                                PLAINTIFF
O/B/O J.D.O. (minor)

v.                                               CIVIL NO. 17-2174

NANCY A. BERRYHILL, Commissioner                        DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Kimberly Criswell brings this action on behalf of her minor child, J.D.O., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.D.O.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed the application for SSI on her minor child J.D.O.'s behalf on September 29, 2015, alleging that J.D.O., who was six years of age when the application was filed, was disabled due to ADHD and Oppositional Defiant Disorder. (Tr. 30, 204). An administrative hearing was held on July 6, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 71-93).

By written decision dated September 6, 2016 the ALJ found that J.D.O. had the following impairments or combination of impairments that were severe: ADHD and

1

Depression[1]. (Tr. 33). However, the ALJ further found that as J.D.O. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, J.D.O. was not disabled. (Tr. 33-41).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 17, 2017. (Tr. 1-6, 14-19).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

## II.   Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent

---

[1]As Plaintiff noted in her brief, no doctor has diagnosed Plaintiff with depression. (Doc. 14, p. 2). In reading the ALJ's functional equivalency determination, he does not discuss depression, but rather Plaintiff's ADHD and oppositional defiant disorder. (Tr. 34-40). It would appear that the ALJ did not intend to find depression to be a severe impairment and made a typographical error. While this was an error, it is not reversible error as the ALJ assessed Plaintiff with at least one severe impairment and considered all of J.D.O.'s impairments when determining whether his impairments met, medically equaled, or functionally equaled the listings. See 20 C.F.R. § 416.924(a).

2

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. See 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. See 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. See 20 C.F.R. § 416.924(d). In the present case, the ALJ found that K.H.'s claim failed at step three, as J.D.O. did not have an impairment that met, or medically or functionally equaled, a listed impairment. (Tr. 33).

### III. Discussion

First, the Court finds there is substantial evidence on the record to support the ALJ's determination that J.D.O.'s impairment did not meet or medically equal in severity any listed impairment. See 20 C.F.R. Part 404, Subpt. P, App. 1, Part B. The Court next addresses whether J.D.O.'s impairments are functionally equal to any listed impairment, or, in other words, whether "what [J.D.O.] cannot do because of [his] impairments … is functionally equivalent in severity to any listed impairment that includes disabling functional limitations in its criteria." 20 C.F.R. § 416.926a(a).

Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations in one of the following areas: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. See 20 C.F.R. §§ 416.926(b)(1), 416.926a(d). The ALJ should consider all relevant evidence in the case to

determine whether a child is disabled, and the evidence may come from acceptable medical sources and from a wide variety of "other sources," including teachers. SSR 09-2P. In fact, the Commissioner's regulations for childhood disabilities "provide that parents and teachers, as well as medical providers, are important sources of information." Lawson v. Astrue, 2009 WL 2143754, at 9 (E.D. Mo. July 13, 2009), citing 20 C.F.R. § 416.924a.

The ALJ determined that the facts in this case suggested that J.D.O. has marked limitations in the area of acquiring and using information; less than marked limitation in areas of attending and completing tasks, interacting and relating with others, and caring for himself; and no limitation in the areas of moving about and manipulating objects, and health and physical well-being. (Tr. 38-44). Plaintiff argues the ALJ made errors in his assessment of J.D.O.'s limitations in the domains of: attending and completing tasks; interacting and relating to others; and caring for himself. (ECF No. 14, pp. 3-7).

**1.     Attending and Completing Tasks:**

In the domain of attending and completing tasks, consideration is given to how well a child is able to focus and maintain his attention, and how well the child begins, carries through, and finishes activities, including the pace at which the child performs activities and the ease with which a child changes them. 20 C.F.R. § 416.926a(h). When of school age, a child should be able to focus his attention in a variety of situations in order to follow directions, remember and organize his school materials, and complete classroom and homework assignments. He should be able to concentrate on details and not make careless mistakes in his work (beyond what would be expected in other children his age who do not have impairments). He should be able to change activities or routines without distracting himself or others and stay on task and in place when appropriate. He should be able to sustain attention well enough to participate in

4

group sports, read by himself, and complete family chores. He should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation. 20 C.F.R. § 416.926a(h)(2)(iv).

The ALJ found that J.D.O. had less than marked limitations in this domain. (Tr. 37). The ALJ noted that J.D.O.'s first grade teacher, Ms. King, said he had serious problems organizing his own things, completing work accurately, working without distracting himself or others, and working at a reasonable pace. (Tr. 37). Ms. King's opinions were given some weight, as his first-grade teacher. (Tr. 35). However, he noted that both Dr. Wright and Dr. Norwood found that, in his consultative examination, J.D.O. put forth good effort, waited for full instructions, and did not have a problem following instructions. (Tr. 37).

**2.    Interacting and Relating to Others:**

With regard to the domain of interacting and relating with others, consideration is given to how well a child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. Id. § 416.926a(i). A school aged child should be able to develop more lasting friendships with children who are his age. He should begin to understand how to work in groups to create projects and solve problems and should have an increasing ability to understand another's point of view and to tolerate differences. He should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand. 20 C.F.R. § 416.926a(i)(2)(iv).

The ALJ determined J.D.O. had less than marked limitation in this area. The ALJ noted Plaintiff's teacher, Ms. King, reported Plaintiff was generally a quiet child, but had two

instances of issues with others. (Tr. 38). Those instances included talking back to her once and threatening a peer on another occasion. Id. He also noted that his mother testified he would get mad and break things or destroy things that belong to others. Id. Further examination of Ms. King's teacher evaluation form from November of 2015 shows that she indicated Plaintiff had no serious problems in interacting and relating with others. (Tr. 312). The only area in which she found J.D.O. had an obvious problem was in making and keeping friends, with all other areas of interacting and relating with others being marked slight to no problems. Id.

3. **Caring for Self:**

In the domain of caring for himself, consideration will be given to how well the child maintains a healthy emotional and physical state, including how well he gets his physical and emotional wants and needs met in appropriate ways; how he copes with stress and changes in his environment; and whether he takes care of his own health, possessions, and living area. 20 C.F.R. § 416.926a(k). A school-aged child should be independent in most day-to-day activities (e.g., dressing himself, bathing himself), although he may still need to be reminded sometimes to do these routinely. He should begin to recognize that he is competent in doing some activities and that he has difficulty with others. He should be able to identify those circumstances when he feels good about himself and when he feels bad. He should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. He should begin to demonstrate consistent control over his behavior, and he should be able to avoid behaviors that are unsafe or otherwise not good for him. He should begin to imitate more of the behaviors of adults he knows. 20 C.F.R. § 416.926a(k)(2)(iv).

The ALJ determined that J.D.O. had less than marked limitations in this domain. (Tr. 39-40). The ALJ noted Plaintiff's mother's testimony that he wandered around at football

6

practice and still did not know what to do when it was his turn. Id. The ALJ also noted Plaintiff's mother's testimony that he is lax about doing his homework, still could not ride a bike, and put his clothes on backward. Id. The ALJ considered the opinion of Plaintiff's first grade teacher, Ms. King, who indicated that he failed to listen to instructions and became frustrated when he did the wrong thing. Id. The ALJ also considered the opinion of consultative examiner, Keith Norwood, M.S., who found that Plaintiff waited for full instructions and did not have problems following directions. Id.

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that J.D.O. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment, and thus, he was not disabled.

**I.    Conclusion:**

Based on the foregoing, the Court recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE